IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DENA L. GRINSLADE, )
 )
 Plaintiff, )
 )
v. ) Case No. CIV-08-480-FHS
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
 Defendant. )

**REPORT AND RECOMMENDATION**

Plaintiff Dena L. Grinslade (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on June 3, 1963 and was 45 years old at the time of the ALJ's latest decision. She completed her high school education and some college. Claimant previously worked as a caregiver and fuel desk clerk/cashier. Claimant alleges an

inability to work beginning in October of 2003, due to massive obesity, COPD, depression and anxiety, headaches, diabetes, and restless leg syndrome.

## Procedural History

On December 12, 2003, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and Title XVI of the Social Security Act (42 U.S.C. § 1381, *et seq.*). Claimant's applications for benefits were denied initially and upon reconsideration. Claimant appeared at a hearing before ALJ Michael A. Kirkpatrick on July 19, 2005 in Hugo, Oklahoma. By decision dated October 18, 2005, ALJ Kirkpatrick found that Claimant was not disabled during the relevant time. The Appeals Council denied Claimant's request for review on April 24, 2006. On November 6, 2007, this Court reversed the ALJ's decision and remanded the case for further proceedings.

On April 23, 2008, Claimant appeared before the ALJ for a further administrative hearing in Paris, Texas. On September 15, 2008, the ALJ issued another unfavorable decision. Claimant did not seek review of the decision by the Appeals Counsel. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant's medical conditions were severe, they did not meet a Listing and Claimant retained a residual functional capacity ("RFC") to allow him to perform a full range of sedentary work with no additional non-exertional limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to comply with the previous order of this Court to re-evaluate the opinions of the treating physician; and (2) improperly relying upon the GRIDS because substantial evidence does not support the ALJ's RFC assessment.

## Treating Physician's Opinion

Claimant asserts the ALJ failed to comply with this Court's prior order to re-evaluate the opinions of Claimant's treating physician, Dr. Melissa Gastorf. The ALJ takes issue with that prior decision, explaining "there now appears to be an insidious perceptions that there is a reluctance on the part of fact finders to apply the TPR." He then proceeds to state his understanding of the treating physician's rule admitting that "[p]erhaps my first obligation, as a United States Administrative Law Judge in Eastern

5

District of Oklahoma, is to apply the dictates of the [Tenth Circuit], and this is what I intend to do, in a non-biased manner. . . ." This Court agrees with the ALJ's assessment of his obligation to follow the law. The rather curious method employed by the ALJ is carrying out this obligation, however, is to simply readopt the findings he made in his 2005 decision regarding the weight to be given to Dr. Gastorf's opinions. Indeed, the ALJ expressly precedes his analysis by stating, "[t]he following opinion analysis is essentially the same analysis (bracketed comments have been added to supply any perceived necessary clarification of underlying thought processes) which appears in my now vacated October 18, 2005 denial decision in the case at bar." (Tr. 448).

Claimant urges this Court to adopt the law of the case doctrine with regard to the finding in this Court's prior order that many of Dr. Gastorf's findings were well-supported, citing the case of Poppa v. Astrue, 569 F.3d 1167, 1170 (10th Cir. 2009). This prior finding by this Court does not rise to the level of particularity necessary to establish the law of the case. As Claimant recognizes in her briefing, such a generic finding does not preclude the ALJ from rejecting some of Dr. Gastorf's findings regarding Claimant's condition. Rather, this Court's statement was

merely a recognition of Dr. Gastorf's treatment history with Claimant and the support in the record for his findings. The statement was made in the hope that the ALJ would re-evaluate the findings of Dr. Gastorf. That did not occur. Reluctantly, this Court has no choice but to remand the case for re-evaluation of the failure of the ALJ to explain the reasons for the failure to afford Dr. Gastorf's opinions any weight. For substantially the same reasons set forth in this Court's Opinion and Order of November 6, 2007 (Tr. 460-471), this Court recommends that the case be remanded for further findings in line with the requirements of <u>Watkins v. Barnhart</u>, 350 F.3d 1297, 1300 (10th Cir. 2003). Because this deficiency is so base to the issues in this review, the remaining issue raised by Claimant will not be discussed at this time.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the

court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of March, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE