**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

DENA L. GRINSLADE,            )
                              )
      Plaintiff,           )
                              )
v.                            )   No. CIV-08-480-FHS-KEW
                              )
MICHAEL ASTRUE, Commissioner  )
Social Security Administration )
                              )
      Defendant.           )

**OPINION AND ORDER**

    Plaintiff's counsel filed a Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 26) on March 26, 2012. Judgment was entered in favor of Plaintiff on March 31, 2010, remanding this action to the Commissioner under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner issued a February 23, 2011, decision finding in favor of Plaintiff and determining that Plaintiff was entitled to disability and Supplemental Security Income (SSI) benefits for a period of disability beginning on October 1, 2003, and ending on July 1, 2010. Plaintiff's counsel has attempted to secure a Notice of Award from Plaintiff's agency representative, but has been informed that the Social Security Administration never issued one. On March 24, 2012, Plaintiff's counsel received a letter from the Social Security Administration notifying them that $11,135.00 had been withheld by the agency for the payment of attorney's fees ($6,000 previously paid for 42 U.S.C. § 406(a) fees and $5,135.00 being withheld in anticipation of § 406(b) fees). This letter indicates that the $11,135.00

1

amount represents 25% of a $44,540.00 past-due benefits award to Plaintiff.

Attorney fees are awardable under 42 U.S.C. § 406(b)(1) when a social security claimant is awarded disability benefits following a remand from a federal district court. McGraw v. Barnhart, 450 F.3d 493, 496 (10th Cir. 2006). In such circumstances, the fourteen-day period running from the date of judgment under Fed.R.Civ.P. 54(d)(2)(B)(i) will have expired and claimants, through counsel, rely on Rule 60(b)(6) to seek such fees well after the expiration of the fourteen-day period. Id. at 505. The McGraw Court noted, however, that "[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits." Id. The Court finds it appropriate to authorize Plaintiff's counsel to file her § 406(b)(1) motion for attorney fees following the receipt of the March 24, 2012, letter notifying counsel of the withheld fee amount and the corresponding past-due benefits amount. The "decision awarding benefits" language referenced by the McGraw Court necessarily includes not only the favorable decision on disability, but the actual award of past-due benefits. Plaintiff's counsel is entitled to file her motion within a reasonable time of being informed of the past-due benefits amount. Based on the record before it, the Court finds counsel was first informed of this amount in the Social Security Administration's March 24, 2012, letter. Counsel's motion filed on March 27, 2012 - three days from the March 24, 2012, letter - is therefore timely.

Plaintiff's counsel has moved the Court to approve an attorney fee award under 42 U.S.C. § 406(b)(1) in the amount of $11,135.00 for counsel's representation of Plaintiff before the Court. Counsel's requested fees do not exceed either the amount contracted for in the parties' contingency agreement or the 25% limitation of section 406(b). Neither the Commissioner nor the Plaintiff have presented any objection to Plaintiff's counsel's request for fees in the amount of $11,135.00. The Commissioner has filed an informative response on the various points of law to be considered, but does not challenge the reasonableness of the requested fee. Plaintiff has not filed any response or objection. The Court has conducted an independent review of the record, including the contingency-fee contract between counsel and Plaintiff, and counsel's documented time records, and concludes counsel's motion is timely and that the requested attorney fee amount of $11,135.00 is reasonable under the facts and circumstances of this case given the nature and quality of the representation and the results achieved. See Gisbrecht v. Barnhart, 535 U.S. 789, 807-809 (2002); see also Wren v. Astrue, 525 F.3d 931, 937 (10th Cir. 2008)("the 25% limitation of fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner").

Consequently, Plaintiff's counsel's Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 26) is granted in the amount of $11,135.00. Pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986), Plaintiff's counsel is directed to refund to Plaintiff the smaller amount of fees ($4,741.90) previously awarded under the Equal Access to Justice Act

("EAJA"), 28 U.S.C. § 2412(d).[1]  This refund is for the full EAJA amount, without any withholding, offset, or deduction.

It is so ordered this 1st day of May, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

---

[1] Plaintiff's case also involves a previous remand in 2007 in Case No. CIV-06-253-KEW.  An EAJA fee in the amount of $3,915.60 was awarded with respect to that 2007 remand.  In the present case, Plaintiff's counsel has attached to its motion a United States Department of Treasury document (Exhibit "6") reflecting the diversion and application of Plaintiff's attorney fee award in the amount of $3,915.60 under the Equal Access to Justice Act ("EAJA") to offset Plaintiff's debt to the United States Department of Education.  Given the application of this EAJA attorney fee award as an offset, the $3,915.60 award is not subject to being refunded to the Plaintiff.  See Garnett v. Astrue, 2009 WL 93063 (M.D. Fla. 2009)(EAJA fees not subject to refund when they are garnished to pay claimant's federal debt).  Thus, the Court will only direct a refund of the $4,741.90 EAJA fee award resulting from the March 31, 2010, remand of the instant case.